**Richard A. GANNON; Theresa Gannon, Plaintiffs— Appellants,**

v.

**FARM SERVICE AGENCY, United States Department of Agriculture, Defendant—Appellee.**

No. 02–35741.

D.C. No. CV–01–00024–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 10, 2003.

Gregory H. Warner, Great Falls, MT, for Plaintiffs–Appellants.

George F. Darragh, Jr., Office of the U.S. Attorney, Great Falls, MT, for Defendant–Appellee.

Before D.W. NELSON, KOZINSKI, and McKEOWN, Circuit Judges.

MEMORANDUM*

The Farm Service Agency ("FSA") did not unlawfully withhold agency action by relying on the February 1990 DALR$ Report ("2/90 Report") as the basis for the Shared Appreciation Agreement ("SAA"). The SSA signed by the Gannons explicitly incorporates the 2/90 Report. The district court correctly determined that, because the Gannons entered into a superseding agreement incorporating the 2/90 Report,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

they may not–ten years later–challenge the FSA's failure to use an earlier report.

The FSA did not abuse its discretion by correcting the SAA's expiration date and the stated market value of the secured property pursuant to 7 C.F.R. § 780.11, which explicitly authorizes the agency to "correct all errors in entering data on program contracts, loan agreements, and other program documents and the results of the computations or calculations made pursuant to the contract or agreement."

Following the Seventh and Eighth Circuits, we have held that recapture is due upon expiration of the SAA. *Pauly v. USDA,* 348 F.3d 1143 (9th Cir.2003). The FSA correctly determined that the Gannons owed recapture when their SAA expired. The FSA also correctly calculated that, pursuant to the formula stated in the SAA, the Gannons owe recapture equal to 50% of the appreciation of the secured property.

In light of our decision, we need not address the Gannons's recoupment argument.

**AFFIRMED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.